# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PATRICIA WRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **8:07CV122** |
| **METROPOLITAN UTILITIES** | ) | |
| **DISTRICT OF OMAHA, a Political** | ) | **ORDER** |
| **Subdivision and Municipal Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the magistrate judge pursuant to 28 U.S.C. § 636 and the consent of the parties.

The defendant filed its answer on April 26, 2007. The deadline for filing amended pleadings expired on August 1, 2007. The defendant retained substitute counsel on November 2, 2009. On March 11, 2010, after the failure of settlement discussions, the defendant filed a motion for leave to file an amended answer (Filing 66) so as to raise numerous affirmative defenses as to matters which could easily have been discovered and raised before August 1, 2007. The defendant states that it should be given leave to amend its answer because it "inadvertently" neglected to include any affirmative defenses in its answer filed April 26, 2007.

Having reviewed the proposed amended pleading, the court rejects the defendant's assertion that a comprehensive revamping of its answer would not unfairly prejudice the plaintiff. Federal litigation is–or should be–structured on the issues that are actually raised in the parties' pleadings. With that principle in mind, defendant's argument that "[a]lthough not asserted in the Answer, Plaintiff must have assumed that affirmative defenses did exist and could have already speculated what those defenses would be," Defendant's Brief, Filing 67 at p. 4/6, is not persuasive. The defendant has not shown good cause for this lengthy delay, and the court will not reopen discovery to accommodate the defendant's attempt to suddenly change its litigation strategy in a three-year-old case.

**IT IS ORDERED:**

1. Defendant's Motion for Leave to File Amended Answer (Filing 66) is denied.

2.  Plaintiff's renewed motion (Filing 78) for an extension of time to respond to defendant's timely-filed motion for summary judgment (Filing 70) is denied.  The plaintiff is once again ordered to respond to the defendant's motion for summary judgment (Filing 70), in full compliance with NECivR 56.1(b), no later than **April 12, 2010.**

**DATED March 25, 2010.**

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge